IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN REED,<br><br>Plaintiff,<br><br>V.<br><br>KROGER TEXAS LP d/b/a KROGER and UNIFIED PROTECTIVE SERVICES INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-cv-2248-S-BN |
| KROGER TEXAS LP,<br><br>Cross-Claimant,<br><br>V.<br><br>UNIFIED PROTECTIVE SERVICES INC.,<br><br>Cross-Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER ON BANKRUPTCY STAY**

On July 22, 2026, Defendant and Cross-Defendant Unified Protective Services Inc. notified the Court that, "[o]n April 15, 2026, Unified filed a voluntary petition for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, case no. 2:26-bk-13660." Dkt. No. 52.

Both Unified and Defendant and Cross-Claimant Kroger Texas LP have filed motions for summary judgment against Plaintiff Kevin Reed. *See* Dkt. No. 33, 35, & 39. And the undersigned has recommended that the Court dismiss Reed's claims under Federal Rule of Civil Procedure 41(b). *See* Dkt. No. 50. Prior to Unified filing

its bankruptcy petition, Kroger informed the Court that, if Reed's claims were dismissed under Rule 41(b), it would continue pursuing its crossclaims against Unified. *See* Dkt. No. 53.

Given the interrelatedness of the Defendants, *see* Dkt. No. 32, the Court ordered Unified and Kroger to submit briefs regarding the effect of Unified's bankruptcy filing on the claims in this case considering the automatic stay provisions of 11 U.S.C. § 362. *See* Dkt. No.54; *see, e.g.*, *Jenkins v. TXS United Hous. Program, Inc.*, No. 3:13-cv-3808-BN, 2014 WL 6084890 (N.D. Tex. Nov. 14, 2014); *Uranga v. Holiday Market, Inc.*, No. 3:13-cv-2213-BN, 2014 WL 349716 (N.D. Tex. Jan. 31, 2014). Both Unified and Kroger have done so. *See* Dkt. Nos. 55 & 56.

11 U.S.C. § 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of … any act to obtain the possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). In short, the automatic stay generally forestalls any action against debtors in bankruptcy but not against co-debtors, co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

There are three claims in this lawsuit: (1) Reed's claims against Kroger, which the undersigned has recommended be dismissed under Rule 41(b); (2) Reed's claim against Unified, which the undersigned has also recommended be dismissed under

Ruel 41(b); and (3) Kroger's crossclaim against Unified for contribution and indemnity, as well as breach of contract.

Taking the last claim first, the parties agree that Kroger's crossclaims against Unified are automatically stayed. *See* Dkt. No. 55 at 3; Dkt. No. 56 at 2.

As to Reed's claim against Unified, Kroger does not appear to take a position. *See* Dkt. No. 56. Unified, meanwhile, asserts that Reed's claims against it are subject to the automatic stay provisions. *See* Dkt. No. 55 at 3. But it urges the Court to dismiss Reed's claims under Rule 41(b) anyway. *See id.*

Unified points to the decision in *Arnold v. Garlock, Inc.*, whereby the Court of Appeals for the Fifth Circuit "held that the automatic stay does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding" and that "district courts retain jurisdiction to determine the applicability of the stay to the litigation pending before them, and to enter orders not inconsistent with the terms of the stay." 288 F.3d 234, 236 (5th Cir. 2002) (citing *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (upholding dismissal under *forum non conveniens* despite Section 362(a))); *see* Dkt. No. 55 at 3. Under that reasoning, the Fifth Circuit held that a district court may grant a plaintiff's voluntary dismissal under Federal Rule of Civil Procedure 41(a) and that such a dismissal is "consistent with the terms of § 362(a) and the effective management of [district courts'] dockets." *Id.* at 237.

In *Arnold*, the Fifth Circuit relied, in part, on a decision from the Court of Appeals for the Eighth Circuit that held that a "[d]istrict [c]ourt has power to dismiss

a case for failure to comply with its rules" under Rule 41(b) after an automatic stay is imposed because "[t]he bankruptcy court does not have the power to preclude another court from dismissing a case on its docket or to affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay." *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988); *see* 288 F.3d at 236-37. The Court of Appeals for the Ninth Circuit has also "explicitly adopted the rationale articulated by the Eighth Circuit in *Dennis*" and "held that the district court has the power to dismiss a case for docket management purposes under Rule 41(b) notwithstanding an automatic stay.'" *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1108 (9th Cir. 2006) (citing 860 F.2d at 872).

Here, neither Defendant moved for dismissal under Rule 41(b). Rather, the undersigned recommended dismissal *sua sponte* because, "[b]y not complying with the Court's orders, Reed – in addition to leaving the impression that he no longer wishes to pursue the claims in this lawsuit – has prevented this action from proceeding." Dkt. No. 50 at 7. The undersigned, in its recommendation, did not reach the merits of Reed's claims or the Defendants' motions for summary judgment. *See id.*; *cf. In re MedPlus Urgent Clinic, LLC*, ___ B.R. ___, Nos. 24-11163-SDM & 24-11781-SDM, 2026 WL 1361671, at *4-*5 (N.D. Miss. May 14, 2026) (holding that dismissing plaintiff's claims under Rule 41(b) of the Mississippi Rules of Civil Procedure by granting "contested motion affirmatively pursued by the [d]ebtors" violated Section 362 automatic stay because, "[u]nlike *Arnold*, [the] case [did] not involve a plaintiff's unilateral abandonment of claims against the [d]ebtors").

And, so, dismissing Reed's claims against Unified for failure to prosecute would not be inconsistent with the automatic stay of those claims under Section 362(a). *See Tomlin v. Health Assurance, LLC*, No. 1:15-cv-375-JCG, 2017 WL 3090270, at *2 (S.D. Miss. July 20, 2017) (dismissing claims against all defendants, including bankrupt defendant, under 41(b) for failure to prosecute despite automatic stay because dismissal did not require court "to consider other issues presented by or related to the underlying case" and "there was no conceivable way for the court's consideration of the [Rule 41(b)] dismissal to harm the bankrupt [defendant]" (citations omitted)).

And, as to Reed's claims against Kroger, Unified contends the claims against its co-defendant are not stayed because Kroger is not a debtor under Section 362. *See* Dkt. No. 55 at 3. Kroger appears to argue the same. *See* Dkt. No. 56 at 2.

And the Court agrees.

The Fifth Circuit has held that "a section 362(a)(1) stay is available only for the debtor's benefit and does not prohibit actions against nonbankrupt third parties or codefendants." *Matter of S.I. Acquisition*, 817 F.2d at 1147. Thus, "it is well established 'that the protections of § 362 neither apply to co-defendants nor preclude severance.'" *Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 911 (5th Cir. 2010) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)). The stay generally does not even extend to a codefendant that a plaintiff alleges is jointly and severally liable on her claims with the debtor. *See Uranga*, 2014 WL 349716, at *2.

Further, as set out above, "[t]he automatic stay does not divest all other courts

of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding." *Picco*, 900 F.2d at 850; *accord Arnold*, 288 F.3d at 236 (citing cases).

One exception to the general rule against extending the stay to non-debtors has been applied where there is "an actual relationship with the debtor such that any judgment would actually apply to the bankrupt party." *Labaty v. UWT, Inc.*, No. SA-13-cv-389-XR, 2013 WL 4520562, at *7 (W.D. Tex. Aug. 26, 2013) (internal quotation marks omitted). That is, the stay may be extended to "nonbankrupt co-defendants where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor,'" but the Fifth Circuit has declined to extend the stay under this exception where "no claim of a formal tie of contractual indemnification had been made to create an identity of interests between the debtor and nondebtor." *Reliant*, 349 F.3d at 825 (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 536 (5th Cir. 2001)). "The party invoking the stay has the burden to show that it is applicable." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. Sept. 30, 2010).

Here, Kroger's crossclaim seeks "reasonable attorneys' fees and litigation expenses it has incurred and will continue to incur" from Reed's lawsuit against it, as well as the "full amount of any such judgment and damages." *See* Dkt. No. 32 at 5, 4. Kroger bases its request for relief on allegations that Kroger and Unified entered a binding agreement wherein Unified is obligated to indemnify Kroger for claims such

as Reed's. *See id.* at 3-4.

But neither party has asserted that, due to the nature of Kroger's crossclaim, Reed's claims against Kroger should be stayed. And, so, neither party has met the burden to show that Reed's claims against Kroger fit within a limited exception to the general rule that a stay does not extend to a debtor's codefendants. *See Beran*, 747 F. Supp. 2d at 723. And the Court declines to apply the exception here.

Because the Court finds that all claims against Unified are subject to Section 362(a)'s automatic stay protections, Reed's claims and Kroger's crossclaims against Unified are STAYED – except to the extent that the Court may dismiss Reed's claims under Rule 41(b), if it so chooses – subject to this stay's being lifted upon the motion of any party if the Section 362(a) automatic stay is lifted by the bankruptcy court. All pending deadlines pertaining to the claims against Unified are TERMINATED.

Reed's claims in this action against Kroger will proceed subject to the deadlines set in the Court's Scheduling Order [Dkt. No. 21] and any other orders entered by the Court, and Section 362's automatic stay does not apply to the claims against Kroger.

SO ORDERED.

DATED: August 17, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE